UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| Chambers of<br>**GEORGE L. RUSSELL, III**<br>United States District Judge | 101 West Lombard Street<br>Baltimore, Maryland 21201<br>410-962-4055 |

June 15, 2015

MEMORANDUM TO COUNSEL RE:   Elabbas M. Abdelnaby v. Durham D&M LLC, et al.
　　　　　　　　　　　　　　　　　　　Civil Action No. GLR-14-3905

Dear Counsel:

　　　Pending before the Court is Defendants' Motion to Dismiss Counts 3, 4, and 6. (ECF No. 15). The Motion is ripe for disposition. Having considered the Motion and the supporting documents, the Court finds no hearing necessary. See Local Rule 105.4 (D.Md. 2014). For the reasons stated below, the Court will grant the Motion.

　　　Plaintiff Elabbas M. Abdelnaby is formerly an employee of Defendants. On May 21, 2013, Abdelnaby attended a meeting called by Defendants' management personnel. During the meeting, Abdelnaby asked one of the managers a question, at which point his co-worker interrupted him by saying "You ignorant African nigger, learn English or go home." None of Defendants' management personnel took action during the meeting or after Abdelnaby reported the incident. Abdelnaby made a previous complaint to Defendants' management personnel concerning a racial insult, but the complaint was rejected.

　　　On August 11, 2014, Abdelnaby received a right to sue letter from the U.S. Equal Employment Opportunity Commission. On November 4, 2014, Abdelnaby initiated this action in the Circuit Court for Baltimore City, Maryland alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e et seq. (2012), Title I of the Civil Rights Act of 1991 ("Title I") (Count 1), and the Civil Rights Act of 1866, 42 U.S.C. §§ 1981 et seq. (Count 2); breach of contractual duty (Count 3); negligent supervision (Count 4); and unlawful employment practices in violation of Md. Code Ann., State Gov't §§ 20-601 et seq. (West 2015) (Count 5) and Article 4 of the Baltimore City Code (Count 6). (ECF No. 2).

　　　On December 16, 2014, Defendants removed this action to this Court based on federal question jurisdiction under 28 U.S.C. § 1331 (2012) and diversity jurisdiction under § 1332. (ECF No. 1). On January 12, 2015, Defendants filed a partial Motion to Dismiss Counts 3, 4, and 6. (ECF No. 15). On February 23, 2015, Abdelnaby filed a response to the Motion.[1] (ECF No. 25). On March 17, 2015, Defendants filed a reply. (ECF No. 30).

---

[1] In the response, Abdelnaby voluntarily withdrew Count 3 of the Complaint. Accordingly, the Court will dismiss Count 3 and address the Motion to Dismiss as to Counts 4 and 6.

A complaint fails to state a claim if it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), or does not state "a plausible claim for relief." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). Though the plaintiff is not required to forecast evidence to prove the elements of the claim, the complaint must allege sufficient facts to establish each element. Goss v. Bank of Am., N.A., 917 F.Supp.2d 445, 449 (D.Md. 2013) (quoting Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012)) (internal quotation marks omitted), aff'd sub nom., Goss v. Bank of Am., NA, 546 F.App'x 165 (4th Cir. 2013). In considering a Rule 12(b)(6) motion, the court must construe the complaint in the light most favorable to the plaintiff, read the complaint as a whole, and take the facts asserted therein as true. See Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 783 (4th Cir. 1999) (citing Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993)).

First, Defendants argue Abdelnaby's claim for negligent supervision must be dismissed because he fails to allege the claim is based on conduct prohibited by common law. "It is well established that claims for negligent supervision 'are derived from the common law [and] may only be predicated on common law causes of action.'" Greenan v. Bd. of Educ. of Worcester Cnty., 783 F.Supp.2d 782, 791-92 (D.Md. 2011) (alteration in original) (quoting Hammond v. Taneytown Volunteer Fire Co., No. CCB-09-0746, 2009 WL 3347327, at *4 (D.Md. Oct. 13, 2009)). Specifically, to state a claim for negligent supervision, the plaintiff "must establish that [his] injury was caused by the tortious conduct of a coworker." Bryant v. Better Bus. Bureau of Greater Md., Inc., 923 F.Supp. 720, 751 (D.Md. 1996) (emphasis added). Abdelndaby alleges his injury was caused by his co-worker's violation of federal and state statues prohibiting race discrimination. Such employment discrimination claims are not actionable under the common law in Maryland. Greenan, 783 F.Supp.2d at 791; see Hammond, 2009 WL 3347327, at *4 ("A cause of action under § 1981 does not arise under the common law and therefore will not support a claim of negligent supervision . . . ."). The Court will, therefore, grant the Motion as to Count 4.

Next, Defendants argue Abdelnaby's claim for unlawful employment practices in Count 6 must be dismissed because Article 4 of the Baltimore City Code does not create a private cause of action. This Court has repeatedly held that Article 4 does not expressly create a private right of action. See Ferruchi v. Wal-Mart Stores, Inc., No. WDQ-11-0228, 2011 WL 1748573, at *5 n.12 (D.Md. May 5, 2011); Ferdinand-Davenport v. Children's Guild, 742 F.Supp.2d 772, 783 n.7 (D.Md. 2010) (stating "dismissal would remain appropriate because the Baltimore City Code does not provide for a private right of action"); West v. CSX Corp., No. JFM-05-3256, 2006 WL 373843, at *1 (D. Md. Feb. 16, 2006); see also Bourgeois v. Live Nation Entm't, Inc., 3 F.Supp.3d 423, 452 (D.Md. 2014) ("[T]he Baltimore City Council does not have the constitutional authority under the Home Rule Amendment to create private causes of action.").

Further, the Court of Appeals of Maryland has held that "a chartered county[, including Baltimore City,] generally has the authority to prohibit discrimination occurring in the county," but does not have the authority to create a new cause of action. Edwards Sys. Tech. v. Corbin, 841 A.2d 845, 857 (Md. 2004). In McCrory Corp. v. Fowler, the court held that a county

ordinance prohibiting employment discrimination created a new cause of action and was, thereby, unauthorized by the Maryland Constitution.  570 A.2d 834 (Md. 1990), superseded by Md. Code Ann., State Gov't § 20-1202.  To remedy this constitutional defect, the state legislature has allowed "certain counties to have the anti-discrimination provisions of their County Codes enforced through private civil actions."  Wash. Suburban Sanitary Comm'n v. Phillips, 994 A.2d 411, 429 (Md. 2010).  Those counties include Howard, Montgomery, Prince George's, and Baltimore Counties.  Md. Code Ann., State Gov't §§ 20-1202 to -1203.  Because the legislature did not include Baltimore City in the statute, the Court finds Article 4 of the Baltimore City Code does not provide an authorized private cause of action under the Maryland Constitution.  Accordingly, the Court will grant the Motion as to Count 6 of the Complaint.

For the foregoing reasons, the Motion to Dismiss is GRANTED.  Counts 3, 4, and 6 of the Complaint are DISMISSED.  Despite the informal nature of this memorandum, it shall constitute an Order of the Court, and the Clerk is directed to docket it accordingly.

Very truly yours,

/s/
George L. Russell, III
United States District Judge